IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIO G. GONZALEZ,

    Plaintiff,

v.

CATHERINE KOBAL,

    Defendant.

No. C 08-0752 TEH (PR)

ORDER OF DISMISSAL

(Docket no. 2)

Plaintiff, a prisoner currently incarcerated at the California Correctional Institution at Tehachapi, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging interference with his mail by the prosecutor while he was incarcerated at the Santa Rita County Jail. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

|   |   |
|---|---|
| 1 | person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 |
| 2 | (1988). |
| 3 | B.    Legal Claims |
| 4 | Plaintiff alleges that while he was incarcerated at the Santa Rita County |
| 5 | Jail in March and April 2007, the Alameda County prosecutor stopped his |
| 6 | outgoing mail because he would not testify against his co-defendant.  He also |
| 7 | alleges that he was never notified why his mail was withheld by the prosecutor. |
| 8 | Prosecutors are absolutely immune from liability under § 1983 when |
| 9 | engaged in initiating a prosecution or presenting the state's case.  Imbler v. |
| 10 | Pachtman, 424 U.S. 409, 431 (1976); accord Buckley v. Fitzsimmons, 509 U.S. |
| 11 | 259, 272-73 (1993).  Whether the government attorney is representing the |
| 12 | plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an |
| 13 | agency hearing, absolute immunity is necessary to assure that they can perform |
| 14 | their respective functions without harassment or intimidation.  See Fry v. |
| 15 | Melaragno, 939 F.2d 832, 837 (9th Cir. 1991).  The "reasons supporting the |
| 16 | doctrine of absolute immunity apply with equal force regardless of the nature of |
| 17 | the underlying action."  Id. (citing Flood v. Harrington, 532 F.2d 1248, 1251 (9th |
| 18 | Cir. 1976)).  The touchstone of this immunity is whether the attorney's actions are |
| 19 | "intimately" or "closely" associated with the judicial process.  See id.  If the |
| 20 | government attorney is performing acts "intimately associated with the judicial |
| 21 | phase" of the litigation, that attorney is entitled to absolute immunity from |
| 22 | damage liability.  See id. |
| 23 | The complaint alleges claims against the prosecutor for conduct she |
| 24 | performed in the course of her role as an advocate for the state, for which she is |
| 25 | entitled to the protections of absolute immunity.  Buckley, 509 U.S. at 273. |
| 26 | Therefore, the complaint presents no cognizable claim against Ms. Kobal, the |
| 27 |   |
| 28 | 2 |

1 | district attorney prosecuting Plaintiff. Accordingly, this action is DISMISSED
2 | without prejudice.

### CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim. The motion to proceed in forma pauperis is DENIED (docket no. 2). The Clerk shall enter judgment accordingly and close the file.

SO ORDERED.

DATED: 07/02/08

THELTON E. HENDERSON
United States District Judge

3

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARIO G GONZALEZ,

        Plaintiff,

 v.

CATHERINE H KOBAL et al,

        Defendant.

Case Number: CV08-00752 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario G. Gonzalez P-15345
Cal.-Correctional Institution
P.O. Box 1906
Tehachapi, CA 93581

Dated: July 2, 2008

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk